IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LIZANNE HOLLOWAY, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:24-CV-2338-BK |
| § | |
| ARCHSTONE DENTAL – HULEN, § | |
| PLLC AND MB2 DENTAL § | |
| SOLUTIONS, LLC, § | |
| DEFENDANTS. § | |

**MEMORANDUM OPINION AND ORDER**

In this removed action, Plaintiff Lizanne Holloway ("Plaintiff") sues her former employer, Archstone Dental – Hulen, PLLC and MB2 Dental Solutions, LLC ("Defendants"), for discrimination under federal-and state-law antidiscrimination statutes. Defendants move to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim. *See Defs.' Mot. to Dismiss*, Doc. 3.[1] Upon review, and for the reasons that follow, the motion is **GRANTED IN PART**.

**I. BACKGROUND**

Plaintiff was formerly employed as a dentist by Defendants. Orig. Pet. ¶¶ 7-8, Doc. 1-5. She alleges she was "pregnant with and gave birth to her first child in 2023." *Id.* ¶ 7, Doc. 1-5. She contends that after she "advised Defendants of her pregnancy in early 2023," "she was subjected to discrimination and retaliation because of her gender and pregnancy[,] [and] was

---

[1] Initially, Defendants also sought dismissal pursuant to FED. R. CIV. P. 12(b)(1). *See* Defs.' Mot. to Dismiss ¶ 8, Doc. 3. In their reply brief, however, Defendants "withdraw their Motion under Rule 12(b)(1)." Defs.' Reply 1, Doc. 6. The majority of Plaintiff's arguments in her response brief pertain to Rule 12(b)(1). *See* Pl.'s Resp., *passim*, Doc. 5. Because these arguments are moot, they will not be addressed.

subsequently terminated because of her pregnancy and related pregnancy issues, without receiving all compensation to which she was entitled." *Id.* ¶ 9, Doc. 1-5. She also asserts that Defendants failed to provide reasonable accommodations related to her pregnancy. *Id.* ¶¶ 12, 13, Doc. 1-5. In her Original Petition, the live pleading, Plaintiff brings claims for violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–2000e-17 ("Title VII")[2]; the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg–2000gg-6 ("PWFA"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 ("ADA"); the Family Medical Leave Act, 29 U.S.C. §§ 2611–2654 ("FMLA"); and the Texas Labor Code.

Plaintiff alleges she "timely filed a Charge of Discrimination with the Texas Workforce Commission and simultaneously with the Equal Employment Opportunity Commission [and] subsequently was issued Notices of Right to Sue and Right to File Civil Action." Orig. Pet. ¶ 14, Doc. 1-5. She asserts that "[t]his action is timely filed thereafter." *Id.*, Doc. 1-5. In addition, Plaintiff alleges that "[b]y timely filing a Charge of Discrimination, receiving Notices of Right to Sue, and timely filing this action[,] [she] has satisfied all conditions precedent and exhausted all applicable administrative remedies prior to filing this action." *Id.* ¶ 15, Doc. 1-5.

## II. MOTION TO DISMISS

### A. Rule 12(b)(6) Standard

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[2] The Original Petition also pleads a violation of the Pregnancy Discrimination Act ("PDA"). *See* Orig. Pet. ¶ 18, Doc. 1-5. The PDA does not provide a separate cause of action; rather, it "added new language to Title VII's definitions subsection," specifying that Title VII's "ter[m] 'because of sex' ... include[s] ... because of or on the basis of pregnancy, childbirth, or related medical conditions." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 212 (2015) (quoting 42 U.S.C. § 2000e(k)). Accordingly, the Court folds its analysis of pregnancy discrimination into its analysis of Plaintiff's Title VII sex discrimination claim.

*Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B. Arguments and Analysis

Defendants move to dismiss Plaintiff's claims as time barred pursuant to FED. R. CIV. P. 12(b)(6). *See* Defs.' Mot. to Dismiss 3-4, Doc. 3; Defs.' Reply 5, Doc. 6.

#### *1. Texas Labor Code*

Chapter 21 of the Texas Labor Code provides a private right of action for individuals who believe they have been discriminated against by their employers on the basis of "race, color, disability, religion, sex, national origin, or age." TEX. LAB. CODE § 21.051. That chapter also sets out procedures that a complainant must follow during the administrative hearings before the Texas Workforce Commission Civil Rights Division ("TWC") prior to filing suit in court. See TEX. LAB. CODE § 21.201–.211 (describing the administrative review process). At the conclusion of the administrative process, the TWC may choose to issue a "notice of the right to file a civil action," sometimes called a "right to sue" letter. See TEX. LAB. CODE § 21.208, 21.254. If a complainant wishes to "bring a civil action against the respondent," she must do so

"[w]ithin 60 days after the date a notice of the right to file a civil action is received." TEX. LAB. CODE § 21.254.

Defendants contend that Plaintiff failed to file her lawsuit within 60 days after receipt of her right-to-sue letter and, therefore, her state law claim is time barred. *See* Defs.' Mot. to Dismiss 2-3, Doc. 3. In support, Defendants attach to their Motion to Dismiss as Exhibit 1 a copy of Notice of Right to Sue letter from the TWC referenced in Plaintiff's Original Petition. *See* Defs.' Mot. to Dismiss, Ex. 1, Doc. 3-1 ("Letter of Expedited Notice of Right to File Civil Action"). The right-to-sue letter provides, in relevant part, that

> [p]ursuant to Sections 21.208, 21.253 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

*Id.* (original emphasis). The right-to-sue letter is dated April 11, 2024, and provides that the notice is being sent electronically to the addresses on file. *Id.*

Defendants contend that the right-to-sue letter, dated April 11, 2024, was received by Defendants on April 11, 2024, and expressly warned Plaintiff that she had 60 days to file her state law claims, or, using the April 11 date, until June 10, 2024. Yet, Plaintiff did not file suit until more than a month later, on July 11, 2024. In her response, Plaintiff does not challenge that: (a) the Court should consider Exhibit 1 under the authorities cited by Defendants; (b) Exhibit 1 is the "Notice of Right to Sue" referenced in her Original Petition; or (c) she received it on April 11, 2024. *See* Pl.'s Resp., *passim*, Doc. 5.

As an initial matter, the Court finds that it can and should consider the right-to-sue letter from the TWC attached to Defendants' motion to dismiss as Exhibit 1. The right-to-sue letter is (1) attached to the motion to dismiss; (2) referenced in the Original Petition; and (3) central to

4

the Plaintiff's claims. *See Collins*, 224 F.3d at 498-99 ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim"). Notably, while Plaintiff alleges that she was issued a right-to-sue letter from the TWC, she does not attach a copy or plead any date of receipt in her Original Petition. *See* Orig. Pet. ¶ 14, Doc. 1-5.

Because it is apparent on the face of the pleadings that Plaintiff failed to file suit within 60 days of receiving her right-to-sue letter from the TWC, Defendants' motion to dismiss Plaintiffs' Texas Labor Code claim as time-barred is **GRANTED**.[3]

### 2. Title VII, PWFA, and ADA Claims

Defendants move to dismiss Plaintiff's Title VII, PWFA, and ADA claims, similarly relying on the TWC's right-to-sue letter, contending she failed to file her lawsuit within 90-days of receiving her right-to-sue letter.

Under the Title VII, the PWFA, and the ADA, a plaintiff has 90 days to file suit in federal court after she receives the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 2000gg-2 (PWFA); 42 U.S.C. § 12117(a) (ADA). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.*

---

[3] In her response brief, Plaintiff did not seek leave to amend her pleadings in the event the Court granted part or all of Defendants' motion to dismiss. *See* Pl.'s Resp., *passim*, Doc. 5. Moreover, in her response, Plaintiff did not address whether she filed her state law claims more that 60 days after she received the right-to-sue letter from the TWC. *See id.* For these reasons, granting leave to amend with respect to her state law claim appears futile and, thus, is not warranted.

Defendants contend that because Plaintiff was issued a right-to-sue letter by the TWC on April 11, 2024, but did not file suit until July 11, 2024, more than 90-days later, her federal claims must be dismissed as outside the 90-day limitations period. *See* Defs.' Mot. to Dismiss 2-3, Doc. 3. The Court rejects this argument.

The TWC and the EEOC have a work-sharing agreement which makes each agency "the other['s] ... agent for the purpose of receiving and drafting charges." *See Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000).[4]  Based on this work-sharing agreement "and the desire to avoid duplication of efforts, courts consider the filing of a charge with the TWC[-CRD] as satisfying both the state and federal administrative exhaustion requirements." *Rojas v. Pegasus Foods Inc-Astrochef Inc.*, No. 3:22-CV-01276-N-BH, 2023 WL 5437176, at *5 (N.D. Tex. July 20, 2023) (cleaned up), *accepted by Rojas v. Pegasus Foods Inc.-Astrochef Inc.*, No. 3:22-CV-01276-N-BH, 2023 WL 5438153 (N.D. Tex. Aug. 22, 2023).

Nevertheless, the Fifth Circuit has held that "EEOC right-to-sue letters are not interchangeable with TWC right-to-sue letters, acknowledging that 'receipt of a TCHR[A] letter would not trigger the analogous EEOC ninety-day filing period.'" *Ukpong v. Int'l Leadership of Texas*, No. 21-11111, 2022 WL 6935140, at *3 (5th Cir. Oct. 12, 2022) (quoting *Vielma*, 218 F.3d at 466). "This is because, under the terms of the statute, the EEOC letter is the exclusive mechanism for commencing the federal filing period." *Id.* (cleaned up); *see* 42 U.S.C. § 2000e-5(f)(1).

For this reason, when Plaintiff received her TWC right-to-sue letter is not relevant to the Court's analysis as to whether Plaintiff's Title VII, PWFA, and ADA claims were timely filed.

---

[4] The initial work-sharing agreement was entered into with the Texas Commission on Human Rights (TCHRA), the predecessor to the TWC. *Autry v. Ahern Rentals, Inc.*, No. EP-19-CV-00154-DCG, 2021 WL 4464180, at *4 n.44 (W.D. Tex. Sept. 28, 2021) (citations omitted).

Defendants provide no other basis to support their motion to dismiss Plaintiff's Title VII, PWFA, and ADA claims. As stated *supra*, Plaintiff alleges she "timely filed a Charge of Discrimination with the Texas Workforce Commission and simultaneously with the Equal Employment Opportunity Commission [and] subsequently was issued Notices of Right to Sue and Right to File Civil Action." Orig. Pet. ¶ 14, Doc. 1-5 (emphasis added). Accordingly, Defendants' motion to dismiss Plaintiff's Title VII, PWFA, and ADA claims is **DENIED**.

### 3. FMLA Claim

The FMLA provides eligible employees with the right to take reasonable leave based on certain medical circumstances, 29 U.S.C. § 2612(a), and prohibits employers from interfering with that right, 29 U.S.C. § 2615(a). "Unlike Title VII and . . . the ADA, the FMLA does not require employees to exhaust administrative remedies before filing suit in federal court." *Nunez-Renck v. Int'l Bus. Machines Corp. (IBM)*, No. 3:23-CV-1308-D, 2023 WL 5986463, at *4 (N.D. Tex. Sept. 14, 2023); *see also Zavala v. Silverleaf Resorts, Inc.*, No. 3:16-CV-03186-M, 2018 WL 6252551, at *2 (N.D. Tex. Nov. 2, 2018) (recognizing that a "plaintiff is not required to file an EEOC charge to pursue an FMLA claim") (citing cases), *accepted by* No. 3:16-CV-03186-M-BT, 2018 WL 6250547 (N.D. Tex. Nov. 29, 2018).

Here, Defendants move to dismiss Plaintiff's FMLA claims solely on the basis that she failed to file her lawsuit within 90 days of receiving her right-to-sue letter. *See* Defs.' Mot. to Dismiss 2-3, Doc. 3. As she is not required to file an EEOC charge to pursue her FMLA claim, and Defendants provide no other argument in support of dismissal, Defendants' motion to dismiss Plaintiff's FMLA claim is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, Doc. 3, is **GRANTED** with respect to Plaintiff's Texas Labor Code claim, which is **DISMISSED WITH PREJUDICE** as time barred, and **DENIED** in all other respects.

**SO ORDERED** on January 23, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE